UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

OBEDE JOSEPH,

    Plaintiff,

vs.

GRANDSCAPE PROFESSIONAL
LANDSCAPING SERVICES, INC.,
a Florida corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, OBEDE JOSEPH, sues Defendant, GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES, INC., and alleges as follows:

### INTRODUCTION

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq*.). The jurisdiction of this Court is invoked to secure protection of and redress for the deprivation of rights guaranteed by federal law involving discrimination in employment. In addition, this is a civil action for money damages brought for violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*, ("FLSA"), and for unpaid wages under Florida law (i.e., Fla. Stats. § 448.08 (2016)).

### JURISDICTION AND VENUE

3. This is an action which arises under Title VII of the Civil Rights Act of 1967, as

|   |   |
|---|---|
|   | amended, (42 U.S.C. § 2000e seq.).  Moreover, this Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), *et seq*. |
| 4. | Jurisdiction is founded on 42 U.S.C. § 2000e-5(f)(3),  29 U.S.C. § 216(b), *et seq.,* and 28 U.S.C. § 1331 (Federal Question). |
| 5. | Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) Title VII "Venue"; and 28 U.S.C. §§ 1391(b) and ( c) (Venue generally).  The venue of this Court over this controversy is proper because a substantial portion of the acts and omissions charged herein occurred in Palm Beach County, which lies in the Southern District of Florida.  Defendant employed Plaintiff within Palm Beach County and also has conducted substantial, continuous, and systematic commercial activities within Palm Beach County.  All of the substantial events giving rise to Plaintiff's claims, including the unlawful employment practices of Defendant, arose in Palm Beach County, Florida, which lies in the Southern District of Florida.  *See*, 28 U.S.C. § 1391(b). |

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

|   |   |
|---|---|
| 6. | Plaintiff, OBEDE JOSEPH, timely filed with the Equal Employment Opportunity Commission ("EEOC"), a charge of discrimination against Defendant, GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES, INC.  Plaintiff, OBEDE JOSEPH, received a notice of the right to sue from EEOC within ninety (90) days of the filing of this Complaint.  A copy of the EEOC's "Right To Sue" Notice letter is attached hereto and made a part hereof as Plaintiff's Exh. "1". |

## PARTIES

7. At all times material to this action, Plaintiff, OBEDE JOSEPH, [Hereinafter, "JOSEPH" or "Plaintiff"], is a resident(s) of Palm Beach County, Florida, is over the age of 18, and is otherwise sui juris.

8. At all relevant times material to this action, Defendant, GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES, INC., is a Florida corporation organized under the laws of the State of Florida, with principal offices in Palm Beach County, Florida, which is also where the incident(s) complained of occurred.

9. At all relevant times, Defendant, GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES, INC., [Hereinafter, "GPLS"], was/is engaged in an industry affecting commerce.

10. At all relevant times, Defendant, GPLS, employed Plaintiff within the meaning of 42 U.S.C. § 2000e-(b).

11. Defendant engaged in policies and practices which are/were willfully, intentionally and unlawfully discriminating against JOSEPH on the basis of his race (Black) and his national origin (Haitian).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff, JOSEPH, sues Defendant, GPLS, and re-alleges paragraphs 1 through 11, as if fully set forth herein and are incorporated by this reference.

13. Plaintiff, JOSEPH, is a Black male of Afrian ancestry and descent, and whose nationality or national origin is Haitian, categories that are protected under Title VII (42 U.S.C. § 2000(e)(b)).

14. Defendant, GPLS, is an employer within the meaning of Title VII, and within the meaning of 29 U.S.C. § 203(d).  Moreover, at all times material, Defendant, as that term is defined under statutes referenced herein, engaged along with it employees in interstate commerce, and has annual gross sale and/or business volume of $500.000.00, or more.

15. At all times material hereto, Plaintiff, JOSEPH, is employed by Defendant, GPLS, as a full time driver, tree trimmer and tree leaf blower.  Plaintiff's work duties include driving the company truck to and from work sites and driving co-workers to and from said work sites.

16. Plaintiff has been working for Defendant for almost four years prior to being fired by Defendant in February 2019.

17. During the term of Plaintiff's employment with Defendant, Plaintiff noticed discrimination by management.  Defendant would not always pay Plaintiff for the hours that Plaintiff worked.  Plaintiff worked Monday through Friday, starting at 7:30 am, and ending at 3:30 pm.

18. Occasionally, Plaintiff worked beyond 3:30 pm, normally passed 5:00 pm and sometimes until 6:00 pm.  Plaintiff was does paid beyond 3:30 pm, and was not paid any overtime.

19. Also, one Saturday, Plaintiff worked from 7:00 am to 1:00 pm.  Plaintiff's supervisor told him that he (Plaintiff) would only be paid for three hours of the total of six hours that Plaintiff actually worked.  Plaintiff was paid at his regular rate of pay for those hours that he worked for that Saturday.

20. On February 18, 2019, around 4:00 pm, there was a group meeting, during which Plaintiff's co-worker (Jean) asked the supervisor, "what time that we should start working each day and at what time that we should finish working each day?"   Plaintiff commented

that it was a great question because they (employees) needed to know when to start and stop working (especially since Plaintiff was not being paid at all for all the additional time he worked beyond 3:30 pm, Monday through Friday.

21. Plaintiff's comment caused him to be fired on the spot by his supervisor. Adding to the injury of immediate termination of employment, Plaintiff endured further humiliation when his supervisor, who was conducting the meeting, called him a "bad Haitian".

22. Plaintiff believed that he was fired by his supervisor because two weeks prior to the meeting, Plaintiff complained to the supervisor's boss that Plaintiff was not being paid his full wages for all of the hours Plaintiff had worked. Plaintiff called the big boss, (the supervisor of Plaintiff's supervisor), to report that he had worked on a Saturday from 7:00 am to 1:00 p.m., and that his supervisor had told him that he would only be paid for three of those hours that Plaintiff worked.

23. Plaintiff had never received any disciplinary violations prior to being terminated by Defendant on February 18, 2019.

24. GPLS's conduct, by and through its management and supervisors, deprived Plaintiff of his statutory rights under Title VII.

25. As a direct, natural, proximate and foreseeable result of the GPLS's actions, Plaintiff suffered pecuniary losses, loss enjoyment of life, loss of dignity and other non-pecuniary losses and intangible injuries.

26. GPLS was willful and wanton, and in such disregard of the Plaintiff's rights not be discriminated against on the basis of race, or national origin, or retaliated against Plaintiff for complaining about labor and wage violations, so as to entitle Plaintiff to punitive

damages to punish Defendant for its actions and to deter iy and others from such actions in the future.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RACE AND NATIONAL ORIGIN DISCRIMINATION

27. Plaintiff sues Defendant and re-alleges Paragraph 1 through 14, as if fully incorporated therein by this reference.

28. This action is based on upon Race and National Origin under Title VII.

29. GPLS has fifteen (15) or more employees for each working day in each of the twenty or more calendar weeks in 2016, 2017, 2018, and 2019, calendar years, respectively.

30. Plaintiff is Black and of Haitian nationality or origins. Accordingly, Plaintiff is a member of a protected group.

30. Plaintiff performed his job satisfactorily at all times during his employment with GPLS.

31. Hispanics co-workers normally get pay all of the hours work whereas Haitian co-workers do get pay for the hours that we worked for. Furthermore, my supervisor treated the Hispanics co-workers better that the Haitian Co-workers.

32. GPLS treated similar-situated employees outside of the Plaintiff's protected class more favorably.

33. GPLS's conduct violated Title VII in that Plaintiff was discriminated against on the basis of his race and/or national origin.

34. As a result of GPLS's actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, OBEDE JOSEPH, prays that this Court:

a. Advance this case on the docket;

    b.    Issue a declaratory judgment that Defendant GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES's practices toward Plaintiff violated his rights under Title VII;

    c.    Enjoin Defendant, its employees and supervisor staff form continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race, or national origin, which rights are secured by Title VII.

    d.    Order Defendant to remedy the racial discrimination against Plaintiff by:

        1.    Paying appropriate back pay;

        2.    Paying prejudgment interest; and

        3.    Providing any other relief that this Court deems appropriate.

    e.    Enter a Judgment against the Defendant for Compensatory Damages;

    f.    Enter a Judgment against the Defendant for punitive damages; and

    g.    Enter a Judgment against the Defendant for costs, and an award of reasonable attorneys' fees pursuant to Title VII.

## COUNT II
## RETALIATION

35.    Plaintiff sues Defendant and re-alleges Paragraph 1 through 14, as if fully incorporated therein by this reference.

36.    This is an action for retaliatory conduct under Title VII.

37.    Defendant retaliated against Plaintiff because Plaintiff complained about working conditions, his rate of pay for which he was not paid adequately.  When Plaintiff complained to the "Big Boss", (the supervisor of Plaintiff's supervisor) about the fact that

he (Plaintiff) was not being paid wages in line with his six hours of work on one Saturday, the Big Boss told Plaintiff that he was going to talk Plaintiff's supervisor concerning Plaintiff's pay discrepancy.  Plaintiff's supervisor used that information that Plaintiff had voiced to the "Big Boss" in order to retaliate against Plaintiff.

38. GPLS retaliated against Plaintiff for exercising his rights afforded him under Title VII by complaining about his right to receive fair and full wages for all of the work performed for the company.  Plaintiff has a right to work and get paid for the work performed.

39. GPLS violated Plaintiff's privilege of employment in violation of Title VII.

40. As a result of Defendant's violation of Title VII, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, OBEDE JOSEPH, demands judgment against the Defendant, GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES, INC., for compensatory damages in an amount in not excess of $50,000.00, and demand of statutory interest, liquidated damages pursuant to 29 U.S.C. § 626(b) costs, reasonable attorneys' fees, and any other award the Court deems property and demand a trial by jury in all matters so triable.

## COUNT III
## FAIR LABOR STANDARDS ACT VIOLATIONS

41. Plaintiff, OBEDE JOSEPH, re-alleges and incorporates by reference all allegations contained in paragraphs 1-14, supra.

42. At all times material Plaintiff was a non-exempt hourly employee.

43. During Plaintiff's employment, Defendant GPLS routinely failed to pay Plaintiff for the time that he worked and also for overtime.

44. For the last two year of working for the Defendant through February 18, 2019, Plaintiff was hired at a pay rate of $12.00, per hour. Defendant GPLS did not pay Plaintiff for his over time worked at the overtime rate.

45. During the period Plaintiff worked approximately 50 hours as overtime. Defendant GPLS did not pay Plaintiff either the straight time or overtime because Plaintiff was forced to clock out sometimes at least two earlier than his actual time work. Plaintiff was not a salaried employee. Defendant GPLS owes Plaintiff $900.00, for unpaid overtime and liquidated damages.

46. At all times material, Plaintiff performed his employment duties satisfactorily and was not compensated by Defendant for a total of 50 hours of overtime worked. While Defendant GPLS was obligated to pay Plaintiff time and half for each hour he worked overtime, Defendant GPLS did not pay Plaintiff which resulted in amount due of approximately $900.00 and liquidated damages of $900.00, for a total of $1,800.00.

47. Defendant GPLS has breached the employment agreement by failing and refusing to pay Plaintiff for the times that he worked and/or was entitled to receive.

48. Plaintiff has incurred damages from Defendant's unlawful acts, as he has worked for which he has not been paid at all.

49. Plaintiff has retained the law firm of Law Offices James Jean-Francois, P.A., to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

50. Throughout Plaintiff's employment, Defendant GPLS repeatedly and willfully violated the FLSA by failing to compensate Plaintiff for the full hours/time that he worked. Plaintiff normally worked five full-day, per week and sometime overtime. However, Plaintiff was instead compensated at his regular hours for all times worked including overtime.

      Defendant GPLS willfully violated the FLSA by failing to pay Plaintiff for every hour/time worked by Plaintiff during the applicable pay period.

51. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered damages.

      **WHEREFORE**, Plaintiff, OBEDE JOSEPH, demands judgment against Defendant, GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES, INC., for the following:

    A.    Unpaid wages found to be due and owing;

    B.    An additional equal amount as liquidated damages;

    C.    Prejudgment interest in the event liquidated damages are not awarded;

    D.    A reasonable attorneys' fees and costs; and

    E.    Such other relief this Court deems just and equitable.

## COUNT IV
## UNPAID WAGES UNDER FLORIDA LAW

52. Plaintiff, OBEDE JOSEPH, re-alleges and incorporates by reference all allegations contained in paragraphs 1-14, *supra*.

53. This is an action brought pursuant to Florida Chapter 448.08 and its amendment(s) for unpaid wages.

54. Defendant GPLS employed Plaintiff for a period of four until the date of termination, February 18, 2019.

55. On or about On February 18, 2019, Defendant terminated Plaintiff employment. Plaintiff had performed work for which she has not been paid. Defendant paid Plaintiff for hours throughout his employment with Defendant at a regular hourly rate, even though on several occasions, Plaintiff worked overtime.

56. However, these partial payments fall far bellow the total amount of outstanding wages owed to Plaintiff if Defendant were to have paid Plaintiff for all of the overtime hours that Plaintiff worked.  Upon Plaintiff's information and belief, the amount owed by Defendant is $900.00.

57. Plaintiff is entitled to be paid for services she rendered while employed by Defendant.

58. Plaintiff was compelled to employ an attorney to pursue this action and has agreed to pay her attorney a reasonable fee for his services, which Plaintiff is entitled to recover from Defendant pursuant to Fla. Stats. § 448.08 (2016).

**WHEREFORE**, Plaintiff, OBEDE JOSEPH, demands judgment against Defendant, GRANDSCAPE PROFESSIONAL LANDSCAPING SERVICES, INC., for damages, prejudgment interest, together with costs of suit and a reasonable attorney's fees, along with any such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues so triable.

**JAMES JEAN-FRANCOIS, P.A.**
Duty Free Americas, Suite 211
6100 Hollywood Boulevard
Hollywood, FL 33024
Phone: (954) 987-8832
Fax:    (954) 987-2622
E-mail address:
(P)     *jamesjeanfrancoisesq@hotmail.com*
(S)     *jjonlaw@hotmail.com*


By:  *James Jean-Francois /s/*
   **JAMES JEAN-FRANCOIS, ESQ**.
    Fla. Bar # 0495115
    Attorney for Plaintiff